OPINION
On July 22, 1998, appellee Stark County Department of Human Services filed a motion seeking permanent custody of the four children of Bonnie Wakely: Donald Hall, born February 9, 1990; Ashley Hall, born October 28, 1992; Jessica Dinger, born February 19, 1993; and Walter Hall, Jr., born October 10, 1995. Each of the four children had a different biological father. Appellant Walter Hall is the father of Donald Hall. Bonnie Wakely stipulated to a finding of permanent custody of all four children. The case proceeded to trial with respect to the natural fathers. The initial complaint alleging dependency and neglect with regard to all four children was filed on August 28, 1996. The facts upon which the complaint were based included that appellant had been arrested and charged with disorderly conduct. At the request of the Canton Police Department, appellee had investigated the conditions in the home. Donald, age six at the time, was filthy. The home was in deplorable condition. There was no food in the home. Donald had an infected left toe. The children complained that their father drinks a lot, and is mean when he drinks. The children had been left in the sole care of appellant. A case plan was set up for appellant, requiring that he maintain a clean, safe home; attend Goodwill Parenting Class; receive a psychological evaluation and counseling; and stop abusing alcohol and/or drugs. While appellant did complete some portions of the case plan, at the time of trial he continued to use alcohol despite treatment, and had served 30 days in jail due to a domestic violence conviction. The court found that despite appellant's compliance with the case plan, he had failed to remedy the problems which caused the removal of the children from the home in the first instance. The court terminated appellant's parental rights, and awarded permanent custody of Donald to appellee. Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT'S ORDER SHOULD BE VACATED BECAUSE THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY AWARDING PERMANENT CUSTODY OF DONALD HALL TO THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES RATHER THAN TO THE BIOLOGICAL FATHER, WALTER HALL, WHEN SUCH ORDER WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE TO BE IN THE BEST INTEREST OF THE CHILD.
Appellant argues that appellee did not present evidence that appellant was not a suitable candidate for placement of the child. He argues that he had made substantial strides in overcoming his alcohol addiction, took steps to learn to control his temper, and completed Goodwill Parenting Classes. In its findings of fact and conclusions of law, the court found that appellant was unemployed. Appellant is a retired veteran on medical disability due to diabetes and hypertension. He lived in a two bedroom home owned by his brother, renting one room. During the pendency of action, appellant got married. He and his wife separated due to a domestic violence action occurring in 1998. He was convicted and served 30 days in the Stark County jail. While appellant denied consuming alcohol, his brother and his brother's girlfriend indicated that appellant drinks a six pack of beer per week, and a few beers on Friday or Saturday evening. After the incident with his step-daughter resulting in the domestic violence conviction, a caseworker who responded to the incident stated appellant admitted to having consumed alcohol on that date. While appellant missed only 2 of 59 scheduled classes with Goodwill Parenting, the case manager's report indicated that he did not fully grasp the scope of responsibilities typically associated with parenting a child. The Goodwill report further indicated that appellant continued to demonstrate a limited tolerance for stress, and had many unresolved issues of his own to deal with before he could begin to provide for the physical or emotional needs of his child. During court-ordered visitation, the case worker observed virtually no interaction between appellant and Donald. The court found that while appellant was able to comply with most of the case plan, his ability to learn from the services provided to him was very limited. The court did not err, in concluding that appellant had failed to remedy the problems that led to the removal of the child in the first instance. He continued to exhibit anger management problems as evidenced by a domestic violence conviction. There was evidence that he continued to use alcohol, despite treatment through the Veterans Administration and Quest. He also had failed to obtain suitable housing, and failed to demonstrate that he was capable of providing for the physical or emotional needs of the children. The court found that Donald had bonded well with his siblings, and with his foster family. While Donald was in good physical health, he has severe speech delay and is learning disabled. He exhibits some extreme emotional behavior, but was doing better as the result of counseling. According to his counselor, Donald expressed anger, frustration, and resentment whenever discussing appellant. He was in need of consistent discipline and a lot of attention. The court did not err in finding that permanent custody was in the best interest of Donald. The assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Gwin, P.J., Hoffman, J., and Farmer, J., concur.